MR. JUSTICE WEBER
dissents as follows:
In general I agree with the majority opinion in its well written legal analysis of the basic issue of the equalization power of the DOR. I dissent from its specific application in this case.
I do not conclude that it is necessary as a matter of law to be trapped into the position of approving the technique used by the DOR to overrule the decision of the County Tax Appeal Board (not appealed by the DOR) with a resulting 22% increase in property tax value for the plaintiffs.
I concede that the primary argument on the part of the plaintiffs at the District Court level was directed to the lack of power to reappraise assessments statewide. I further agree with the majority conclusion that the DOR does have a power of statewide equalization.
The majority states that it does not rule on the question of whether the DOR can effectively overrule a county tax appeal board decision by exercising its power to equalize, pointing out that the disagree with that conclusion.
The petition for declaratory judgment on the part of the plaintiffs in substance alleged:
(1) Plaintiffs protested appraisal of their property in 1979 or 1980, and obtained a 34% reduction in appraised value for those years.
(2) In 1981 plaintiffs’ appraised values were the same as 1980.
(3) DOR requested the Cascade County assessor to return the appraised value for taxpayers improvements to the value set by the DOR in 1978 and the appraisal office did so.
(4) DOR then directed the county assessor to reduce the 1978 value by 72% on all improvements appraised from the *312 1976 Marshall Valuation Service for the tax years 1982, 1983, 1984 and 1985.
In the prayer the plaintiffs asked for a declaratory judgment finding that the procedure adopted by the DOR in attempting to adjust the appraised value of improvements by returning the value to a 1978 level and reducing by only 12% is illegal and improper.
The District Court reached the following conclusion:
“That DOR, in utilizing a uniform equalization process which reduces the value of all commercial improvements by 12% for tax year 1982 and thereafter, proceeded to do so in a wholly lawful manner, both procedurally and substantively” (Emphasis added.)
The record does not support the conclusion as to these taxpayers and can properly be classed as “clearly erroneous” as to them.
A determination of value at the county tax appeal board level is binding upon the DOR. A.R.M. Section 2.51.307(3) states:
“(3) The decision of the county tax appeal board shall be final and binding on all interested parties for the tax year in question unless reversed or modified by the state tax appeal board review. If not reviewed by the state tax appeal board, the decision of the county tax appeal board shall also be final and binding on all interested parties for all subsequent tax years . . . .” (Emphasis added.)
I concede that the majority opinion is correct in holding that the DOR has the general power to equalize tax assessments. However, I would hold that the application of such equalization to the present plaintiff taxpayers is both improper and unlawful. As to these taxpayers, the effect of the equalization is to repeal or overrule the determination by the county tax appeal board. That cannot be done under the regulations to which the DOR is subject.
I would hold that the pleadings and proof are sufficient to establish an appraisal of the plaintiff taxpayers’ property under the Marshall Valuation Service in 1978 and 1979, re *313 duction of such appraisals by 34% by the county tax appeal board. Subsequent equalization by the DOR had the effect as to plaintiff taxpayers of improperly reducing the 34% figure to 12%, thereby increasing the values by 22%.
I would therefore conclude that a declaratory judgment should be entered by the District Court, holding the equalization procedure followed by the DOR was improper as to plaintiff taxpayers who were entitled to rely upon their tax appeal board determination.
MR. CHIEF JUSTICE HASWELL concurs.